**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 1:19-cv-25114- COOKE/GOODMAN**

CHRISTOPHER MOALE,

      Plaintiff,

v.

TONNO LIMITED, a
British Virgin Islands Company, and

JEAN PIGOZZI, an Individual

      Defendants.
_____/

**<u>MOTION TO DISMISS COMPLAINT</u>**

# **CONTENTS**

TABLE OF AUTHORITIES..................................................................................... iii

INTRODUCTION ................................................................................................. 1

MEMORANDUM OF LAW ................................................................................... 2

   I.  MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ................. 2

     A.  Standard of Review ................................................................................ 2

     B.  The Florida Long-Arm Statute Does Not Establish Personal Jurisdiction.............. 3

     C.  Exercising Personal Jurisdiction violates Due Process ...................................... 5

       ..................................................................................................... 7

   II. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION .... 7

     A.  Standard of Review ................................................................................ 7

     B.  Admiralty Jurisdiction............................................................................ 8

     C.  Diversity Jurisdiction............................................................................. 9

   III. MOTION TO DISMISS FOR IMPROPER VENUE................................................. 9

   IV. THE ACTION SHOULD BE DISMISSED ON FORUM NON CONVENIENS

   GROUNDS ............................................................................................. 11

     A.  The Lauritzen Factors .......................................................................... 12

     B.  Traditional *Forum Non Conveniens* Factors. ........................................... 17

   V. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR RELIEF..... 19

     A.  Motion to Dismiss Standard ................................................................... 19

     B.  All of Moale's Claims Must Be Dismissed.................................................. 19

   VI. CONCLUSION ...................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

Cases

*Alternate Energy Corp. v. Redstone,*
    328 F. Supp. 2d 1379, 1382 (S.D. Fla. 2004) ................................................................. 6

*Am. Dredging Co. v. Miller,*
    510 U.S. 443 (1994) ........................................................................................................ 11

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ........................................................................................ 19

*Bautista v. Cruise Ships Catering & Serv. Int'l, N.V.,*
    350 F.Supp.2d 987, 989 (S.D.Fla.2003) ......................................................................... 13

*Belik v. Carlson Travel Group, Inc.,*
    26 F.Supp.3d 1267 (S.D.Fla.2013) .................................................................................. 11

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ........................................................................................................ 19

*Brokerwood Int'l (U .S.), Inc. v. Cuisine Crotone, Inc.,*
    104 F. App'x 376, 384 (5th Cir.2004) ............................................................................ 17

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462, 472 (1985) .................................................................................................. 6

*Cal. Fin. LLC v. Perdido Land Dev. Co., Inc.,*
    303 F. Supp. 3d 1306 (M.D. Fla. 2017) .......................................................................... 19

*Carmouche v. Tamborlee Mgmt., Inc.,*
    789 F.3d 1201, 1204 (11th Cir. 2015) .............................................................................. 5

*Cong. of Racial Equal. v. Clemmons,*
    323 F.2d 54, 58 (5th Cir.1963) ......................................................................................... 9

*Consol. Dev. Corp. v. Sheritt, Inc.,*
    216 F.3d 1286 (11th Cir. 2000) ........................................................................................ 5

*Cooper v. Meridian Yachts, Ltd.,*
    575 F.3d 1151, 1176 (11th Cir.2009) ............................................................................. 16

*Crist v. Carnival Corp.,*
    410 Fed. Appx. 197, 200 (11th Cir. 2010) ....................................................................... 9

*Cronin v. Washington Nat'l Ins. Co.,*
    980 F.2d 663, 670 (11th Cir. 1993) .................................................................................. 6

*Dunham v. Hotelera Canco S.A. de C.V.,* 933 F. Supp. 543, 547 (E.D. Va. 1996) ................... 8

*Executive Jet Aviation, Inc. v. Cities of Cleveland, Ohio,*
    409 U.S. 249, 258-61 (1972) ............................................................................................ 8

*Exhibit Icons, LLC v. XP Companies, LLC,* 609 F.Supp.2d 1282, 1295 (S.D. Fla. 2009) .......... 5

*Ford v. Brown,*
    319 F.3d 1302 (11th Cir.2003) ....................................................................................... 18

*Fraser v. Smith,*
    594 F.3d 842, 847–48 (11th Cir. 2010) ............................................................................ 3

*Future Tech. Today, Inc. v. OSF Healthcare Sys.,*
    218 F.3d 1247 (11th Cir. 2000) .................................................................................... 2, 4

*Green v. USF & G Corp.,*
    772 F. Supp. 1258, 1262 (S.D. Fla. 1991) ....................................................................... 7

*Hellenic Lines v. Rhoditis*,
    398 U.S. 306 (1970) ................................................................................................ 12, 16
*Int'l Shoe Co. v. Washington*,
    326 U.S. 310, 316 (1945) ............................................................................................. 6
*Jerome B. Graubert, Inc. v. Great Lakes Dredge & Dock Co.*,
    513 U.S. 527, 534 (1995) ............................................................................................. 8
*Lauritzen v. Larsen*,
    345 U.S. 571 (1953) ........................................................................................ 12, 13, 15
*Lawrence v. Dunbar*,
    919 F.2d 1525, 1528-29 (11th Cir. 1990) ..................................................................... 7
*Leon v. Million Air, Inc.*,
    251 F.3d 1305 (11th Cir.2001) .............................................................................. 17, 18
*Lewis Charters, Inc. v. Huckins Yacht Corp.*, 871 F.2d 1046, 1051 (11th Cir. 1989) ............... 8
*Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) .......................................... 2
*Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir.1998) ................. 11
*Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta*,
    530 F.3d 1339 (11th Cir.2008) ................................................................................... 18
*Lisa, S.A. v. Gutierrez Mayorga*,
    441 F.Supp.2d 1233 (S.D.Fla.2006) ........................................................................... 18
*Madara v. Hall*,
    916 F.2d 1510, 1514 (11th Cir. 1990) .......................................................................... 2
*Magnin v. Teledyne Cont'l Motors*,
    91 F.3d 1424 (11th Cir.1996) ..................................................................................... 17
*Miami Breakers Soccer Club, Inc. v. Women's United Soccer Ass'n*,
    140 F. Supp. 2d 1325, 1331 (S.D. Fla. 2001) ............................................................... 7
*Oldfield v. Pueblo De Bahia Lora, S.A.*,
    558 F.3d 1210, 1217 (11th Cir. 2009) .......................................................................... 2
*Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*,
    701 F.2d 889, 890-91 (11th Cir. 1983) ......................................................................... 2
*Reino de España, v. Am. Bureau of Shipping, Inc.*,
    691 F.3d 461 (2d Cir.2012) ....................................................................................... 15
*Romero v. International Terminal Operating Co.*,
    358 U.S. 354 (1953) .................................................................................................. 12
*Rozanska v. Princess Cruise Lines, Ltd.*, 2008 WL 8883868, at *4 (S.D. Fla. Aug.5, 2008) .......... 15
*Satz v. McDonnell Douglas Corp.*,
    244 F.3d 1279 (11th Cir.2001) ................................................................................... 17
*Schexnider v. McDermott Int'l, Inc.*,
    817 F.2d 1159 (5th Cir. 1987) ............................................................................... 13, 14
*Sharma v. Skaarup Ship Management Corp.*,
    699 F.Supp. 440, 448 (S.D.N.Y.1988) .......................................................................... 8
*Sigalas v. Lido Mar., Inc.*,
    776 F.2d 1512 (11th Cir.1985) ................................................................................... 15
*Smith v. Carnival Corp.*,
    584 F.Supp.2d 1343 (S.D.Fla.2008) ........................................................................... 11

iv

*Szumlicz v. Norwegian Am. Line, Inc.*,
    698 F.2d 1192 (11th Cir.1983).................................................................................11

*Tarasewicz v. Royal Caribbean Cruises Ltd.*, Case No. 14-CIV-60885, 2015 WL 3970546, at *6 (S.D.
    Fla. June 30, 2015) .................................................................................................4

*Vasquez v. YII Shipping, Ltd.*,
    559 F. App'x 841, 844 (11th Cir. 2014) .........................................................4, 13

*Vermeulen v. Renault, U.S.A., Inc.*,
    985 F.2d 1534, 1546 (11th Cir. 1993) ....................................................................3

*Wai v. Rainbow Holdings*,
    315 F.Supp.2d 1261, 1268 (S.D.  Fla. 2004) ........................................................11

*Wallack v. Worldwide Machinery Sales, Inc.*,
    278 F.Supp.2d 1358, 1366 (M.D. Fla. 2003)...........................................................4

*Washington Capital Corp. v. Milandco, Ltd., Inc.*,
    695 So.2d 838, 841 (Fla. 4th DCA 1997) ...............................................................4

*Williams v. Cruise Ships Catering*,
    299 F.Supp.2d 1273, 1279 (S.D. Fla. 2003) ...........................................4, 13, 16

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)............................7

## Rules

Fed. R. Civ. P. 12 .........................................................................................1, 2, 7


## Statutes

28 U.S.C. § 1331.........................................................................................................8
28 U.S.C. § 1332.........................................................................................................9
28 U.S.C. § 1391.............................................................................................9, 10, 11
29 CFR §1910.25........................................................................................................10
Fla. Stat. § 48.193..................................................................................................3, 5
Fla. Stat. 48.193........................................................................................................4

Defendant, Tonno Limited[1], pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, hereby files this Motion to Dismiss the Complaint filed by Plaintiff, Christopher Moale, ("Moale") and in support thereof state as follows, and states:

## INTRODUCTION

Defendant, Tonno Limited, respectfully requests this Court dismiss Moale's Complaint (DE 1) for several independent reasons: lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, failure to state a claim or, alternatively, on grounds of *forum non conveniens*, because this alleged incident occurred on a foreign flagged and owned vessel in foreign, non-U.S. waters, with no connection to the United States or Florida. DE 1, ¶ 15.

This action arises from a purported injury aboard a vessel while in foreign waters. Compl., DE 1, ¶ 15. Defendant, Tonno Limited, is a British Virgin Islands Company, with its principal place of business in Tortola, British Virgin Islands, *see* Declaration of Arlix Santamaria ("Santamaria Dec.") at ¶ 4, and is the record owner of the vessel, M/Y "VELCRO FISH"–a 2001 52' Cantieri Marchi motor yacht bearing hull identification number/documentation number 726689 official number 734892 (the "Vessel"). Santamaria Dec. at ¶ 20.

On or about October 22, 2018, Moale alleges that he sustained injuries while aboard the Vessel in the South of France, near Menton Garavan—4,900 miles away from this courthouse. DE 1, ¶ 15. The Vessel upon which Moale was purportedly injured is registered in the Cayman Islands, Santamaria Dec. at ¶ 20, has never sailed to the United States or Florida, Santamaria Dec. at ¶ 22, and is permanently located in Southern France. Santamaria Dec. at ¶ 21.

On December 11, 2019, Moale initiated this action and alleged the following causes of action against Tonno Limited: (1) Maintenance and Cure (Count I); (2) Unseaworthiness (Count II); and (3) Negligence Per Se (Count III). *See* DE 1.

However, Moale's suit is improperly brought in the United States and Florida. Tonno Limited does not have any contacts with the State of Florida: it does not operate, conduct, engage in, or carry on any business in Florida; it does not maintain an office or agency in

---

[1] Defendant, Jean Pigozzi has not been served.

Florida and does not have employees or agents in Florida; it does not own any real property in Florida; and it does not provide any services in Florida or solicit any business in Florida. Santamaria Dec., ¶¶ 5-18. As such, Moale's Complaint must be dismissed against Tonno Limited for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

Independently, Moale's suit does not invoke this Court's Article III admiralty jurisdiction under 28 U.S.C. § 1331 and therefore this Court must dismiss his Complaint on this basis alone. Fruther, Moale's suit is improperly brought in this District because there are no facts giving rise to Moales' claims which occurred in this District. Rather, this action arises from a purported injury aboard a foreign vessel, owned by a foreign owner, and while in foreign waters. As such, Moale's Complaint must be dismissed against Tonno Limited for improper venue and on *forum non conveniens* grounds pursuant to Fed. R. Civ. P. 12(b)(3).

## MEMORANDUM OF LAW

## I.   MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The Complaint against Tonno Limited must be dismissed for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). As set forth below, Tonno Limited lacks sufficient minimum contacts with Florida to establish personal jurisdiction under Florida's Long Arm Statute and the Due Process Clause.

### A.  Standard of Review

A plaintiff has the burden in alleging personal jurisdiction to "plead sufficient material facts to establish the basis for exercise of such jurisdiction." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). And where a defendant challenges the allegations of personal jurisdiction, "the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009).

The determination of personal jurisdiction over a nonresident defendant such as Tonno Limited involves a two-step analysis. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). First, the court must determine whether personal jurisdiction exists under Florida's long-arm statute. *Id.; see also Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). The Court must apply the Florida long-arm statute as the Florida Supreme Court would. *Id.* at 1514; *see also Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 890-91 (11th Cir. 1983). Second, if there is a basis for the assertion of personal jurisdiction under

2

Florida's long-arm statute, the Court must next determine whether sufficient minimum contacts with the state exist to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice. *Madara v. Hall*, 916 F.2d at 1514. Only if *both* prongs are satisfied may a Florida court exercise personal jurisdiction over Tonno Limited. *Id.* (emphasis added). Here, Tonno Limited does not have the requisite contacts with Florida under its long arm statute nor sufficient minimum contacts to satisfy Due Process. Therefore, the Complaint against Tonno Limited must be dismissed.

**B.  The Florida Long-Arm Statute Does Not Establish Personal Jurisdiction**

Moale's Complaint fails to allege activity establishing personal jurisdiction based on Florida's long arm statute. Thus, the Complaint must be dismissed.

**1.  Specific Jurisdiction is Lacking**

Specific personal jurisdiction under Florida's long-arm statute, Fla. Stat. § 48.193, exists when a showing is made that the foreign defendant has engaged in specifically-enumerated conduct relating to her asserted cause of action by which the defendant "purposively avails itself the privilege of conducting activities" within Florida, thus invoking the benefits and protections of its laws, and such that the defendant "should reasonably anticipate being hauled into court there." *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993) (discussing minimum contacts for purposes of specific jurisdiction consistent with due process); *Fraser v. Smith*, 594 F.3d 842, 847–48 (11th Cir. 2010) (discussing specific jurisdiction under Florida's long arm statute).

Here, in support of its efforts to establish specific personal jurisdiction under Fla. Stat. § 48.193 (1)(a), Moale alleges numerous conclusory allegations to suggest that Tonno Limited is engaged in business in Florida. Specifically, Moale alleges Tonno Limited operates a "business venture" in Florida, "including operating its primary asset, the M/Y VELCRO FISH," hiring employees, entering contracts, and purchasing provisions and fuel for the Vessel in Florida. DE 1, ¶ 9(a). Moale also alleges Tonno Limited "committing a tortious act" by failing to pay maintenance, cure and wages owed to Moale within Florida. DE 1, ¶ 9(b). However, contrary to Moale's allegations, Tonno Limited does not operate, conduct, engage in, or carry on a business or business venture in Florida nor did Tonno Limited commit any tortious act in Florida. Santamaria Dec. at ¶ 17.

3

"In order to establish that a defendant is 'carrying on business' for the purposes of the long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 106 F.Supp.2d 1278, 1281 (S.D. Fla. 1999) *aff'd*, 218 F.3d 1247 (11th Cir. 2000) (citations omitted).

There is no evidence that Tonno Limited engaged in a general course of business activity in Florida for pecuniary benefit. Tonno Limited does not maintain office or personnel in Florida. Santamaria Dec. at ¶¶ 8-9. Tonno Limited does not operate the Vessel in Florida. Santamaria Dec. at ¶ 22. Tonno Limited has neither entered any contracts, nor has it purchased fuel or other provisions in Florida. Santamaria Dec. at ¶¶ 18, 23.

Moreover, the fact that Moale is a resident of Florida is not sufficient to confer personal jurisdiction on Tonno Limited. *See Wallack v. Worldwide Machinery Sales, Inc.*, 278 F.Supp.2d 1358, 1366 (M.D. Fla. 2003) ("The fact that a foreign defendant contracts with a Florida resident is not enough to establish personal jurisdiction over the foreign defendant.") (citing Fla. Stat. 48.193(1)(a); *Washington Capital Corp. v. Milandco, Ltd., Inc.*, 695 So.2d 838, 841 (Fla. 4th DCA 1997).

Furthermore, Moale's allegations that Tonno Limited committed a tortious act within Florida is contrary to well-settled maritime law. When considering claims for failure to provide maintenance and cure or pay wages, the place of the wrongful act is not where the plaintiff was located when he did not receive the maintenance, cure, or wages, but rather, it is the place of the defendant's wrongful acts which caused the plaintiff's underlying physical injuries. *Tarasewicz v. Royal Caribbean Cruises Ltd.*, Case No. 14-CIV-60885, 2015 WL 3970546, at *6 (S.D. Fla. June 30, 2015); *see also Vasquez v. YII Shipping, Ltd.*, 559 F. App'x 841, 844 (11th Cir. 2014) (identifying the place of the wrongful act as the place of plaintiff's injuries, in the Bahamas, and not in the Dominican Republic and Miami, Florida, where defendant failed to pay for plaintiff's treatment and wages); *Williams v. Cruise Ships Catering*, 299 F.Supp.2d 1273, 1279 (S.D. Fla. 2003) (making no distinction in assessing place of the wrongful act— physical injury to an employee which occurred on the high seas—between Jones Act and maintenance, cure and failure to treat claims).

In the instant matter, Moale's own allegations make clear that he was in "the South of France, near Menton Garavan" on October 22, 2018 when the incident giving rise to his

claims allegedly occurred aboard the Vessel. DE 1, ¶ 15. As such, the tortious activity alleged by Moale did not occur within Florida, but rather, the purported tortious activity occurred in France. Therefore, Moale's allegations that Tonno Limited failed to pay maintenance, cure and wages owed to Moale within Florida is not sufficient to confer personal jurisdiction under Florida's long arm statute.

In light of the above, specific personal jurisdiction cannot be asserted over Tonno Limited because Moale's claims did not arise out of Tonno Limited's operation of a business with Florida as required by Fla. Stat. § 48.193(1)(a).

## 2. General Jurisdiction is Lacking

In order for a defendant to fall within Florida's general jurisdiction, a defendant's contacts "must be so extensive to be tantamount to [the] defendant being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in the forum state's courts in any litigation arising out of any transaction or occurrence taking place anywhere in the world." *Exhibit Icons, LLC v. XP Companies, LLC*, 609 F.Supp.2d 1282, 1295 (S.D. Fla. 2009).

As the analysis above makes clear, the activity Moale highlighted "are not 'so substantial' as to make this one of those 'exceptional' cases in which a foreign corporation is 'at home' in a forum other than its place of incorporation or principal place of business." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015). Tonno Limited is a British Virgin Islands entity, does not have an office in Florida, and conducts no business in Florida. *See* Santamaria Dec.

As such, General personal jurisdiction cannot be asserted over Tonno Limited because its contacts with Florida do not qualify as "substantial and not isolated activity within [Florida]," *See* Fla. Stat. § 48.193(2).

## C. Exercising Personal Jurisdiction violates Due Process

Because Tonno Limited lacks minimum contacts with Florida, there is no need to analyze whether the assertion of personal jurisdiction offends the traditional notions of fair play and substantial justice. *See Consol. Dev. Corp. v. Sheritt, Inc.*, 216 F.3d 1286 (11th Cir. 2000). Notwithstanding, even assuming *arguendo* that Tonno Limited falls within Florida's Long-Arm statute, Tonno Limited does not have sufficient minimum contacts to support

personal jurisdiction under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

The Due Process Clause of the Fourteenth Amendment protects nonresidents from being hauled into courts in states where they have "established no meaningful contacts, ties or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Jurisdiction over a nonresident defendant exists only if the defendant has sufficient "minimum contacts" with the forum state such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Cronin v. Washington Nat'l Ins. Co.*, 980 F.2d 663, 670 (11th Cir. 1993) (*citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted)).

## 1.  Minimum Contacts

Courts must consider three factors to determine whether a defendant has established sufficient minimum contacts with the forum state to satisfy due process: (1) whether the defendant has purposefully availed itself of the benefits of doing business in the forum state; (2) whether the cause of action arose out of the activities through which the defendant did so; and (3) whether the defendant could have reasonably anticipated being haled into court in the forum state. *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d at 631; *see also Alternate Energy Corp. v. Redstone*, 328 F. Supp. 2d 1379, 1382 (S.D. Fla. 2004) (*citing Burger King*, 471 U.S. at 475 and *Future Tech.*, 218 F.3d at 1250).

As stated above, Tonno Limited does not conduct, engage in, or carry on business in Florida. *See generally* Santamaria Dec. It has not purposefully availed itself of the benefit of doing business in Florida. *Id.* Further, Moale's cause of action and the alleged damages did not arise out of activities Tonno Limited performed in Florida. *Id.* As such, Tonno Limited cannot reasonably anticipate being hauled into court here.

Thus, the exercise of either general or specific personal jurisdiction over Tonno Limited in this case would violate the Due Process Clause.

## 2.  Fair Play and Substantial Justice

Because Tonno Limited lacks sufficient minimum contacts with Florida to allow the Court to exercise personal jurisdiction, the Court "can forego determining whether the exercise of personal jurisdiction ... would offend traditional notions of fair play and substantial justice." *Keston v. FirstCollect, Inc.*, 523 F. Supp. 2d at 1354. However, even if the Court were

to consider this factor, it would not change the result because this factor further supports a finding that personal jurisdiction is lacking.

A "primary concern" of the "fairness" test is the burden placed on the nonresident defendant. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d at 1222 (*citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

Here, Tonno Limited would be substantially burdened if it were forced to defend this lawsuit. It would offend traditional notions of fair play and substantial justice to force Tonno Limited to travel from the British Virgin Islands to defend a lawsuit in a state with which it has no contact with. *See Miami Breakers Soccer Club, Inc. v. Women's United Soccer Ass'n*, 140 F. Supp. 2d 1325, 1331 (S.D. Fla. 2001) ("the burden is greater on the Defendants who are located in New York and Boston than on Plaintiff who is located in Florida for adjudication of this case"); *Green v. USF & G Corp.*, 772 F. Supp. 1258, 1262 (S.D. Fla. 1991). As in *Green*, here "Florida seems to have no special interest in adjudicating this dispute." *Id.*; *see also Women's United Soccer Ass'n,* 140 F. Supp. 2d at 1331 ("Plaintiff is not prejudiced ... since the dismissal here, is without prejudice to re-file where jurisdiction is proper."). Finally, "the interstate judicial system would not benefit from Florida's adjudication of the action." *Green*, 772 F. Supp. at 1263.

In light of the above, Moale's Complaint must be dismissed against Tonno Limited for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

## II.   MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

In addition to the foregoing and/or in the alternative, the Complaint against Tonno Limited must be dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). As will be set forth in detail below, both admiralty jurisdiction and diversity jurisdiction is lacking in this case.

### A. Standard of Review

Attacks on subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). A "facial attack" on the complaint requires the court to merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken true for the purposes of the motion. *Id*. at 1529. "Factual attacks," on the other hand, challenge the existence of subject-matter jurisdiction in fact, irrespective of the pleadings, and matters

outside the pleadings, such as testimony and affidavits, are considered. *Id*. As set forth below, in this case, Moale's Complaint is vulnerable to both facial and factual attacks.

### B. Admiralty Jurisdiction

Moale has alleged that this Court has "subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 because this is a claim for maintenance and cure arising under the general maritime law of the United States." DE 1, ¶ 12. However, Moale fails to show that the location of his alleged accident was within the boundaries of federal admiralty jurisdiction.

With regard to cases brought in admiralty, courts utilize a two-part test when determining whether there is a sufficient nexus between the facts and traditional maritime activity to sustain admiralty jurisdiction. Admiralty jurisdiction is invoked when the tort alleged occurred on "navigable waters" of the United States (the "locality" test), and where it is shown that the incident at issue bore a "significant relationship to traditional maritime activity" (the "nexus" test). *Executive Jet Aviation, Inc. v. Cities of Cleveland, Ohio*, 409 U.S. 249, 258-61 (1972); *Sea Vessel, Inc. v. Reyes*, 23 F.3d 345, 348 (11th Cir. 1994); *Lewis Charters, Inc. v. Huckins Yacht Corp.*, 871 F.2d 1046, 1051 (11th Cir. 1989). The proponent of federal admiralty jurisdiction must satisfy both the location and the nexus tests. *Jerome B. Graubert, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). In the instant case, the indisputable facts show that the Moale cannot meet the first test and thus, this Court does not have subject-matter jurisdiction.

More specifically, Moale fails to show that the location of his alleged accident was within the boundaries of federal admiralty jurisdiction. The "South of France, near Menton Garavan"—the area where Moale was allegedly injured—is by Moale's own admission within the territorial waters of France. DE 1, ¶ 15.

The problem for Moale is that territorial waters of foreign nations are not "navigable waters of the United States." *See Dunham v. Hotelera Canco S.A. de C.V.*, 933 F. Supp. 543, 547 (E.D. Va. 1996) ("Federal maritime jurisdiction applies to the navigable waters of the United States and the 'high seas', but does not extend into the territorial waters of other nations."); *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 205, (1971) (maritime law governs only those torts occurring on the navigable waters of the United States); S*harma v. Skaarup Ship Management Corp.*, 699 F.Supp. 440, 448 (S.D.N.Y.1988) (No admiralty jurisdiction exists for tort which

allegedly occurred in Vancouver, British Columbia, outside the navigable waters of the United States), *aff'd* 916 F.2d 820 (1990), *cert. denied*, 499 U.S. 907 (1991).

Therefore, in the absence of admiralty jurisdiction, this Court lacks subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

### C. Diversity Jurisdiction

Above and beyond, this Court lacks subject-matter jurisdiction over this case under diversity jurisdiction. Moale has also alleged that this Court has "jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00 USD), exclusive of interest, attorneys' fees, and costs, and is between citizens of different states." DE 1, ¶ 11. In support, Moale alleges Tonno Limited is "a British Virgin Islands Company, with its principle place of business in Tortola", *see* DE 1, ¶ 4, and that Moale is "a resident of Florida." DE 1, ¶ 7. However, these allegations do not establish diversity jurisdiction. The allegation that Moale is a "resident" of Florida is insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship. *See Crist v. Carnival Corp.*, 410 Fed. Appx. 197, 200 (11th Cir. 2010) (citing *Cong. of Racial Equal. v. Clemmons*, 323 F.2d 54, 58 (5th Cir.1963) ("Diversity of citizenship, not of residence, is required under 28 U.S.C.A. § 1332"). Moreover,

Due to the absence of both federal question jurisdiction under § 1331 and diversity jurisdiction under § 1332, Moale has failed to establish that this Court has subject-matter jurisdiction and the Complaint must be dismissed.

### III.   MOTION TO DISMISS FOR IMPROPER VENUE

In addition to the above and/or in the alternative, venue is not appropriate here because there are no facts giving rise to Moales' claims that occurred in in the Southern District of Florida.

The question whether venue is proper is governed by 28 U.S.C. § 1391. Section 1391 states in pertinent part:

> A civil action may be brought in –
>
> 1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b).

Here, Tonno Limited is not a resident of Florida. Thus, venue cannot be based on subsection 1391(b)(1). Likewise, there are no events or omissions giving rise to the claims occurred in the Southern District of Florida, and venue is not proper here under subsection 1391(b)(2). The Complaint asserts two types of claims: (1) failure to pay wages, maintenance, and cure after Moale was allegedly injured and was undergoing treatment (Count I); and (2) negligence and unseaworthiness which allegedly caused Moale's injury (Counts II and III).

Moale alleges that he received treatment by two doctors in the Southern District of Florida in and around November 2019, *see* DE 1, ¶¶ 24-28, and that Tonno Limited failed to pay Moale's wages, maintenance, and cure (which Tonno disputes). *See* DE 1, ¶ 29. However, as discussed above, Moale alleges that his injury occurred in "the South of France, near Menton Garavan." DE 1, ¶ 15. As such, the alleged decision to withhold payment (which Tonno Limited specifically disputes) did not occur within Florida, but rather, the alleged events or omissions giving rise to Moale's claim of wages, maintenance, and cure occurred in France.

The same analysis applies to Moale's negligence and unseaworthiness claims. Specifically, Moale alleges that the height of the Vessel's step risers violated OSHA safety regulation 29 CFR §1910.25(c)(2), *see* DE 1, ¶ 40, which caused his purported injury. Moale also alleges that the Vessel's step risers and insufficient crew made the Vessel unseaworthy. *see* DE 1, ¶ 37. However, in both claims, the events giving rise to Moale's alleged injury did not occur within the Southern District of Florida, but rather, the purported events or omissions occurred in France, where the Vessel was located.

10

Lastly, if there is no judicial district where venue can be based, the case may be brought in any district where any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b)(1). As discussed above, however, this Court lacks personal jurisdiction over Tonno Limited. Thus, venue cannot be proper here.

Accordingly, venue is not proper in the Southern District of Florida, and this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3). Moreover, the Complaint must be also dismissed on *forum non convenience* grounds and failure to state a claim, as described below.

## IV.   THE ACTION SHOULD BE DISMISSED ON FORUM NON CONVENIENS GROUNDS

A motion to dismiss based on *forum non conveniens* is a motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). *See Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir.1998). The plaintiff must show that venue in the chosen forum is proper. *See Wai v. Rainbow Holdings*, 315 F.Supp.2d 1261, 1268 (S.D. Fla. 2004) (citations omitted).

The doctrine of *forum non conveniens* allows courts to decline jurisdiction over a case, even if personal jurisdiction and venue are proper, if it appears the interests of justice require the case to be tried in another forum. *See Am. Dredging Co. v. Miller*, 510 U.S. 443, 447–48 (1994) (citations omitted). The Eleventh Circuit requires that a court conduct a two-pronged inquiry to determine whether it should dismiss maritime claims under the doctrine of *forum non conveniens*. *See Szumlicz v. Norwegian Am. Line, Inc.*, 698 F.2d 1192, 1195 (11th Cir.1983). First, the court must decide, under choice of law principles, whether it should apply United States law to the case. *See id.* If so, the court should not dismiss the case for *forum non conveniens*. *See id.* Second, if the court finds that United States law does not apply, it analyzes traditional *forum non conveniens* considerations to determine whether a foreign forum is a more appropriate venue. *See id.*

Generally, when a plaintiff's claims support admiralty jurisdiction, the court will retain jurisdiction and apply federal admiralty law. *See Smith v. Carnival Corp.*, 584 F.Supp.2d 1343, 1348 (S.D.Fla.2008); *Belik v. Carlson Travel Group, Inc.*, 26 F.Supp.3d 1267, 1274 (S.D.Fla.2013) (citing *Szumlicz*, 698 F.2d at 1195 ("[I]f United States law is applicable, the

American court should retain jurisdiction rather than relegate the controversy to a foreign tribunal.") (citation omitted).

In the present action, Moale has alleged that this Court has "subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 because this is a claim for maintenance and cure arising under the general maritime law of the United States." DE 1, ¶ 12. Tonno Limited specifically disputes this Court has subject matter jurisdiction under 28 U.S.C. § 1331 as set forth *infra*. Assuming there was admiralty jurisdiction, the sole matter this Court must address before proceeding with a traditional *forum non conveniens analysis*, is whether United States maritime law applies to this case. Because this choice of law question is a threshold issue to determining whether this case should be dismissed for *forum non conveniens*, Moale carries the burden of demonstrating United States maritime law is applicable. *See Wai*, 315 F.Supp.2d at 1268 (citations omitted).

## A. The Lauritzen Factors

In conducting a choice of law analysis in a maritime case, a court looks to the factors identified by the Supreme Court in *Lauritzen v. Larsen*, 345 U.S. 571 (1953), *Hellenic Lines v. Rhoditis*, 398 U.S. 306 (1970), and *Romero v. International Terminal Operating Co.*, 358 U.S. 354 (1953). Those factors, as listed by the Eleventh Circuit Court of Appeals, are: (1) place of wrongful act; (2) law of the flag; (3) allegiance or domicile of the injured; (4) allegiance of defendant shipowner; (5) place of contract; (6) inaccessibility of foreign forum; (7) law of the forum; and (8) the shipowner's base of operations.

As will be set forth below, the *Lauritzen* Factors weigh heavily against applying the maritime law of the United States, and thus, Moale's Complaint must be dismissed on *forum non conveniens* grounds.

### 1. Place of Wrongful Act

In the *forum non conveniens* analysis, the place of the wrongful act is where the defendant engaged in the conduct giving rise to liability, not where the plaintiff's resulting injury occurred. *See Lauritzen*, 345 U.S. at 583 (holding that the place of the wrongful act is "the place where the acts giving rise to the liability occurred, the *lex loci delicti* commission," and not, for example, the place where the liability manifested itself) (emphasis added).

Here, Moale's own allegations make clear that he was in fact in "the South of France, near Menton Garavan" on October 22, 2018 when the incident giving rise to his claims

allegedly occurred aboard the Vessel. DE 1, ¶ 15. As such, the tortious activity alleged by Moale did not occur within Florida, but rather, the purported tortious activity occurred in France.

Even when considering claims for failure to provide maintenance and cure or pay wages, the place of the wrongful act is neither where the defendants were situated when they allegedly failed to provide maintenance, cure or payment, nor where the plaintiff was located when he did not receive the maintenance, cure, or wages. Rather, it is the place of the defendant's wrongful acts which caused the plaintiff's underlying physical injuries. *See Vasquez v. YII Shipping, Ltd.*, 559 F. App'x 841, 844 (11th Cir.2014) ( "Vasquez III") (identifying the place of the wrongful act as the place of plaintiff's injuries, in the Bahamas, and not in the Dominican Republic and Miami, Florida, where defendant failed to pay for plaintiff's treatment and wages); *Williams v. Cruise Ships Catering*, 299 F.Supp.2d 1273, 1279 (S.D.Fla.2003) (making no distinction in assessing place of the wrongful act—physical injury to an employee which occurred on the high seas—between Jones Act and maintenance, cure and failure to treat claims). Accordingly, this factor disfavors application of United States law.

### 2. Law of The Flag

The Supreme Court has stated that "[p]erhaps the most venerable and universal rule of maritime law relevant to our problem is that which gives cardinal importance to the law of the flag ... the weight given to the ensign overbears most other connecting events in determining the applicable law." *Lauritzen*, 345 U.S. at 584–85; *see also Bautista v. Cruise Ships Catering & Serv. Int'l*, N.V., 350 F.Supp.2d 987, 989 (S.D.Fla.2003) *aff'd sub nom. Bautista v. Cruise Ships Catering*, 120 F. App'x 786 (11th Cir.2004) (weighing the law of the flag against application of U.S. law).

Here, it is undisputed that the Vessel is registered in the Cayman Islands DE 1, ¶ 6, Santamaria Dec. at ¶ 20. Therefore, the law of the flag stands against the application of U.S. law.

### 3. Allegiance or Domicile of The Injured

The allegiance and domicile of Moale is arguably Florida DE 1, ¶ 7. In this regard, the Fifth Circuit's decision in *Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159 (5th Cir. 1987) is instructive. In *Schexnider*, an American seaman was injured onboard a barge off the coast of Indonesia. *Schexnider*, 817 F.2d at 1160. He was employed by a Panamanian company. *Id.*

13

Unlike Moale, the Plaintiff there signed a contract in New Orleans, which called for him to work "in the Southeast Asia Area." *Id.* The barge on which the seaman worked flew the Australian flag, was built in Australia, and was owned by foreign subsidiaries of his employer who did no business in the United States. *Id.* At no time had the barge ever been within the territorial waters of the United States. *Id.* Upon being injured in a slip and fall accident, the seaman brought Jones Act claims against his employer in the Western District of Louisiana. *Id.* at 1160-1161. The district court concluded, and the circuit court affirmed, that United States law did not apply. *Id.* at 1162.

The Court's discussion is highly instructive—it concluded that while the domicile of the injured party and the location of the contract weighed in favor of applying United States law, all other factors heavily favored Australian law. *Id*. The court reiterated that the flag of the vessel was to be accorded "great weight," and concluded that while the fact that the seaman was an American citizen was one factor to consider, "this is not sufficient to outweigh the factors favoring the application of Australian law, especially the law of the flag." *Id.*

Accordingly, the instant case is similar to *Schexnider*. Moale is purportedly a Florida seaman that was allegedly injured onboard a yacht in France. He was employed by Tonno Limited, a BVI company. Santamaria Dec. at ¶ 4. The yacht on which the Moale worked is registered in the Cayman Islands Santamaria Dec. at ¶ 20, and was owned by a foreign BVI company that does no business in the United States. Santamaria Dec. at ¶ 22. At no time had the yacht ever been within the territorial waters of the United States. Santamaria Dec. at ¶ 22.

As the Court noted in *Schexnider*, while the fact that a seaman is allegedly a United States citizen is one factor to consider, it is not sufficient to outweigh the factors favoring the application of foreign law, especially the law of the flag. *Schexnider*, 817 F.2d at 1162. Here, the other factors overwhelmingly favor application of foreign law.

### 4.  Allegiance of Defendant Shipowner

It is undisputed that the Defendant shipowner, Tonno Limited, is a British Virgin Islands Company. Santamaria Dec. at ¶ 22; DE 1, ¶ 4. This factor, therefore, stands against the application of U.S. law.

14

### 5. Place of Contract

Where an employment contract contains a governing law provision, that jurisdiction is treated as the place of contract in a *forum non conveniens* analysis. *See Lauritzen*, 345 U.S. at 588–89 (1953). If there is no choice of law provision, courts have described the place of contract as the place where the contract was signed. *See Vasquez III*, 559 F. App'x at 844; *Rozanska v. Princess Cruise Lines, Ltd.*, 2008 WL 8883868, at *4 (S.D. Fla. Aug.5, 2008) (assessing where "the terms of the employment contract were presented to the Plaintiff" (emphasis added)); *Belik*, 26 F.Supp.3d at 1279 n. 12 ("[A]s a general rule that the place of contracting is the place of acceptance.")(quotation omitted).

Here, Moale's operative employment contract, attached to the Declaration of Arlix Santamaria as Exhibit "B", provides that "[t]he jurisdiction of this contract is that of the Flag State of the yacht." Santamaria Dec., Ex. "B". Given that the Vessel is registered in the Cayman Islands, this factor weighs against application of United States law. Moreover, the Declaration of Arlix Santamaria establishes that any alleged employment contract between Tonno Limited and Christopher Moale was signed and entered into in France. Santamaria Dec. at ¶ 26. Therefore, even when analyzing the place of contract without this choice of law provision, Moale's operative employment contract indicates that Moale's place of hire to be "Antibes, France." Santamaria Dec., Ex. "B".

Accordingly, this factor disfavors application of United States law.

### 6. Accessibility of a Foreign Forum

As the incident occurred in France, and the ship permanently located there, France would be the logical alternative forum. Moreover, given the choice of law provision indicating that the Vessel's flag state of the Cayman Islands having jurisdiction.

This factor does not support the application of U.S. law.

### 7. Law of The Forum

"The seventh factor, the law of the forum, 'is entitled to little weight because 'fortuitous circumstances ... often determine the forum.' " *Membreno*, 425 F.3d at 936 (quoting *Sigalas v. Lido Mar., Inc.*, 776 F.2d 1512, 1517 (11th Cir.1985); *see also Belik*, 26 F.Supp.3d at 1282 ("Due to 'fortuitous circumstances,' the law of the forum is generally 'of little relevance in United States courts.' ") (quoting *Reino de España, v. Am. Bureau of Shipping, Inc.*, 691 F.3d 461, 467 n. 8 (2d Cir.2012)). Further, the fact that a law of the forum is applied to plaintiffs

who voluntarily submit themselves to it is no argument for imposing the law of the forum upon those who do not." *Lauritzen*, 345 U.S. at 592.

Here, Tonno Limited has not submitted itself to this forum; it has resisted defending Moale's suit in the United States. As such, the law of Moale's selected forum is entitled to little weight.

### 8. Shipowner's Base of Operations

"In deciding whether a party has a base of operations in the U.S., 'the important question is whether the contacts, irrespective of [the party's] contacts in other countries, amount to a substantial relation to the United States.'" " *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1176 (11th Cir.2009) (emphasis and alteration in original) (quoting *Williams v. Cruise Ships Catering*, 299 F.Supp.2d 1273, 1283 (S.D.Fla.2003)). For example, in *Rhoditis* the shipowner had a base of operations in the United States because a U.S. domiciliary principally owned the corporate shipowner, which he managed from the United States; the shipowner's principal place of business was in the United States; the ship regularly engaged in scheduled runs between U.S. and Middle Eastern ports; and the ship derived its entire income from cargo either originating or terminating in U.S. ports. *See Cooper*, 575 F.3d at 1178 (discussing *Rhoditis*, 398 U.S. at 307–08).

In contrast, the court in *Sigalas* found that where the defendant-shipowner did not run its day-to-day operations—such as managing vessel itineraries, personnel, maintenance, insurance, and provisions—from the United States, but merely owned vessels that called at American ports and earned 90% of its revenue from American sales, the shipowner did not have a base of operations in the United States. *See Sigalas*, 776 F.2d at 1514, 1518. Similarly, in *Cooper* the defendants had no U.S. base of operations, despite U.S. ownership and the domicile of the defendants' president, because there was no evidence the defendants made management decisions, conducted operations, or generated revenue in the United States. *See Cooper*, 575 F.3d at 1178–79.

Here, the Tonno Limited's activities do not show a substantial relation to, or a "base of operation" in, the United States. Tonno Limited is a British Virgin Islands Company, with its principal place of business in Tortola, British Virgin Islands. Santamaria Dec. at ¶ 4; DE 1, ¶ 4). The Vessel upon which Moale was purportedly injured is registered in the Cayman

16

Islands, has never sailed to the United States or Florida, and is permanently located in Southern France. Santamaria Dec. at ¶¶ 21- 24.

In light of the above, the balance of the *Lauritzen* Factors weigh heavily against applying the maritime law of the United States and the Jones Act is not applicable to the facts of this case.

### B. Traditional *Forum Non Conveniens* Factors.

Having determined the Jones Act is not applicable to the facts of this case, the Court turns to the factors addressed in the traditional *forum non conveniens* analysis. The party seeking to have a case dismissed based on *forum non conveniens* "must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir.2001).

#### 1. Alternative Forum

"Availability and adequacy warrant separate consideration." *Leon*, 251 F.3d at 1311. "An alternative forum is 'available' to the plaintiff when the foreign court can assert jurisdiction over the litigation sought to be transferred." *Id.* The alternative forum is adequate unless "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft*, 454 U.S. at 254. An alternative forum is "presumed" adequate unless the plaintiff makes some showing to the contrary. *Leon*, 251 F.3d. at 1312. "An adequate forum need not be a perfect forum," but it must provide a satisfactory remedy. *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1283 (11th Cir.2001); *see also Brokerwood Int'l (U.S.), Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376, 384 (5th Cir.2004) ("Mere differences in the foreign forum's law do not automatically render a foreign forum inadequate, so long as the plaintiff is not deprived of all remedies, or is not limited to a clearly unsatisfactory remedy.").

In the case at bar, the courts of France are an available alternate forum. As the Vessel is permanently located and operates substantially in France, Tonno Limited is subject to French jurisdiction. Moreover, Defendant, Jean Pigozzi, is a resident of France and subject to its courts. Therefore, the courts of France are available to hear this action.

The adequacy of the courts of the France is beyond serious question. *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1429 (11th Cir.1996) (finding that France was an adequate forum

because it has a broad statutory basis for tort liability, even though contingency fee arrangements and jury trials on civil claims are not permitted in France). Accordingly, the courts of France are adequate alternative fora.

### 2.   Private Interests

The private interest factors favor *forum non conveniens* dismissal. Private-interest factors "include ... 'ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses ... and all other practical problems that make trial of a case easy, expeditious and inexpensive.' " *Leon*, 251 F.3d at 1314. "Perhaps the most important 'private interest' of the litigants is access to evidence." *Ford v. Brown*, 319 F.3d 1302, 1308 (11th Cir.2003) (considering "access to proof, availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining witnesses").

Here, the overwhelming majority of the documentation and witnesses relevant to Moale's claims and the Tonno Limited's potential defenses are located abroad—in France, the British Virgin Islands, and Italy. To the extent Moale's Jones Act and common law negligence claims require discovery regarding the purpose, design, manufacture, and installation of the vessel step's risers, that evidence is located in France (where the Vessel is located), and in Italy (where the Vessel was designed.) Evidence and testimony regarding Moale's employment and work conditions are in France (where the Vessel and crew are located).

Accordingly, the access to evidence and witnesses and the relative costs associated with discovery weigh solidly in favor of dismissal.

### 3.   Public Interests

The "[r]elevant public interests include [1] the familiarity of the court(s) with the governing law, [2] the interest of any foreign nation in having the dispute litigated in its own courts, and [3] the value of having local controversies litigated locally." *Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1356–57 (11th Cir.2008) (citing *Gilbert*, 330 U.S. at 508–09). Notably, in considering these factors, the district court "need not make an explicit finding as to which country's law applies," but simply that some foreign law will likely apply. *Lisa, S.A. v. Gutierrez Mayorga*, 441 F.Supp.2d 1233, 1240 (S.D.Fla.2006).

Here, the public-interest factors favor dismissal. No significant relationship exists between the parties or the wrongful act and the United States. While Moale is arguably is a resident of Florida, the *Lauritzen* Factors weigh heavily in favor of the application of foreign law. Clearly, either France, the British Virgin Islands, or the Cayman Islands have a much stronger interest in adjudicating disputes involving their citizens, corporation, and vessel.

Because the *forum non conveniens* factors weigh in favor of dismissal, Moale's Complaint must be dismissed.

## V.   MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR RELIEF

In addition to and/or in the alternative to the foregoing, Moale's causes of action against Tonno Limited are improperly brought and must be dismissed for failure to state a valid claim pursuant to Fed. R. Civ. P. 12(b)(6).

### A. Motion to Dismiss Standard

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See, e.g., Cal. Fin. LLC v. Perdido Land Dev. Co., Inc.*, 303 F. Supp. 3d 1306, 1309 (M.D. Fla. 2017). In order to survive a motion to dismiss made under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). A claim is plausible on its face when the plaintiff alleges enough facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955) (alteration in original). "[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### B. All of Moale's Claims Must Be Dismissed

Here, Moale has alleged the following causes of action against Tonno Limited: (1) Maintenance and Cure (Count I); (2) Unseaworthiness (Count II); and (3) Negligence Per Se (Count III). DE 1. However, as demonstrated above (*see infra,* ¶ III, IV), United States Law does not apply, and admiralty and diversity jurisdiction is lacking in this case.

Therefore, to the extent that Moale's causes of action against Tonno Limited attempts to plead United States law as a basis for its claims, Moale has failed to state a valid claim and Counts I-III of the Complaint must be dismissed pursuant to Fed. R.Civ.P. 12(b)(6).

**VI.    CONCLUSION**

Based on the foregoing, Moale's Complaint against Tonno Limited must be dismissed for lack of personal jurisdiction, lack of subject-matter jurisdiction, lack of venue, failure to state a claim or, alternatively, on grounds of *forum non conveniens*.

WHEREFORE, Defendant, TONNO LIMITED, respectfully requests this Court enter an Order: (a) dismissing Plaintiff's Complaint for lack of personal jurisdiction, (b) dismissing Plaintiff's Complaint for lack of subject-matter jurisdiction, (c) dismissing Plaintiff's Complaint for improper venue, (d) dismissing Plaintiff's Complaint on *forum non conveniens* grounds, (e)  dismissing Plaintiff's Complaint for failure to state a claim for relief, and (f) any other relief this Court deems just and proper.

Dated: May 1, 2020.

Respectfully submitted,

**DAVANT LAW, P.A.**
*Attorneys for Tonno Limited*
401 East Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 414-0400
Facsimile: (954) 332-2301

By: */s/ Patrick J. Ryan*
Charles S. Davant
Florida Bar No. 15178
csd@davantlaw.com
Aaron M. Dmiszewicki
Florida Bar No. 111455
amd@davantlaw.com
Patrick J. Ryan
Florida Bar No. 1011099
pjr@davantlaw.com