## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 1:19-cv-25114- COOKE/GOODMAN

CHRISTOPHER MOALE,

      Plaintiff,

v.

TONNO LIMITED, a
British Virgin Islands Company, and
JEAN PIGOZZI, an Individual

      Defendants.

_____/

### REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant, Tonno Limited[1], pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, hereby files this Reply in Support of its Motion to Dismiss the Complaint filed by Plaintiff, Christopher Moale ("Moale") (DE 33), and in support thereof state as follows:

### I.   Introduction

Moale's Complaint must be dismissed because nothing in his Response (DE 34) changes – and in fact his own admissions demonstrate – the inescapable fact that he was allegedly injured on a foreign flagged and owned vessel in foreign, non-U.S. waters, with no connection to the United States or Florida. *See* Compl., DE 1, ¶ 15; Resp., DE 34, p. 3, ¶ 4 ("Plaintiff was injured aboard the M/Y Velcro Fish"); DE 34, p. 13, s. 1 ("physical location of the wrongful act was in France"); DE 34, p. 13, s. 2 ("flag of the Vessel is in the Cayman Islands"); DE 34, p. 15, s. 4 ("Tonno as they are a BVI corporation that owns a Cayman Islands flagged vessel"); DE 34, p. 15, s. 5 ("Plaintiff only signed the contract in France"); DE 34, Exh. I (Tonno corporate documents showing BVI incorporation and address). As a result, and as more fully set forth in Tonno Limited's Motion to Dismiss (DE 33) and further demonstrated in this Reply, Moale's Complaint must be dismissed for lack of personal

---

[1] Defendant, Jean Pigozzi has not been served.

jurisdiction, subject matter jurisdiction, improper venue, failure to state a claim and/or *forum non conveniens*.

## II.   Moale Failed to Establish Personal Jurisdiction Over Tonno Limited

Moale's Complaint must be dismissed for lack of personal jurisdiction. Neither the Complaint, nor Moale's Response, establish sufficient activity of Tonno Limited to confer personal jurisdiction based on Florida's long arm statute.

### A. Specific Jurisdiction is Lacking

Moale's Response admits that the original tortious action occurred outside of Florida. *See* Response, DE 34, pg. 6. As this is the only relevant inquiry for the place of tortious activity under Fla. Stat. § 48.193 (1)(a), the Court's analysis should end here. Moale's allegations that Tonno Limited failed to pay maintenance, cure and wages owed to Moale within Florida, even if true, are not sufficient to confer personal jurisdiction under Florida's long arm statute and his Complaint must be dismissed accordingly.

This case falls squarely within the facts of *Tarasewicz v. Royal Caribbean Cruises Ltd*. In *Tarasewicz*, a plaintiff suffered an ischemic stroke allegedly caused by unsafe working conditions and materials aboard a vessel while in foreign waters. *See Tarasewicz*, Case No. 14-CIV-60885, 2015 WL 3970546, at *1 (S.D. Fla. June 30, 2015). After receiving treatment in Florida, the plaintiff filed suit against numerous defendants, including three Norwegian defendant companies involved in the development and manufacture of the scrubber system which allegedly injured the plaintiff. *Id*. Plaintiff alleged claims of negligence under the Jones Act, unseaworthiness, failure to provide maintenance, cure and unearned wages, failure to pay earned wages, and negligence. *Id*. In response, the three Norwegian defendants filed a motion to dismiss arguing, *inter alia*, that plaintiff's complaint should be dismissed for lack of personal jurisdiction and *forum non conveniens*. *Id*.

Upon review of the personal jurisdiction under Fla. Stat. § 48.193, the *Tarasewicz* court found that "the tortious activity alleged by Plaintiffs here did not occur within Florida and Plaintiff was not in Florida 'at or about the time of [his] injury.'" *See Tarasewicz* 2015 WL 3970546, at *20. The Court further reasoned:

> The Defendants' alleged negligence in creating an unsafe work environment for Plaintiff (regarding all aspects of the design, manufacture and installation of the scrubber system) took place abroad. Plaintiff's exposure to that unsafe

environment and his (allegedly) consequent stroke likewise took place outside of the State of Florida. Again, due to safety regulations, Plaintiff's work could not have been conducted in U.S. waters. Further, Plaintiff's own allegations make clear that he was in fact in international waters, and not in Florida, when he suffered his stroke.

*Tarasewicz* at *20.

As the alleged injuries in *Tarasewicz* occurred in foreign waters, the court concluded that, "[w]hatever the extent of the [Norwegian defendants'] contribution to the alleged injuries, their activity cannot substantiate the Court's personal jurisdiction over them under Fla. Stat. §§ 48.193(1)(a)(2) or (6)." *See id.*

In the instant matter, Moale's own allegations make clear that he was in "the South of France, near Menton Garavan" on October 22, 2018 when the incident giving rise to his claims allegedly occurred aboard the Vessel. *See* DE 1, ¶ 15. Above and beyond, Moale's Response admits that the original tortious action occurred outside of Florida. *See* Response, DE 34, pg. 6. In fact, the Response concedes that "Plaintiff Moale argues that his injury occurred in Florida even though Tonno's act may have occurred outside of Florida." *See* Response, DE 34, pg. 11; *see also* Response, DE 34, pg. 13 ("the physical location of the wrongful act was in France"). As such, the tortious activity alleged by Moale did not occur within Florida, but rather, the purported tortious activity occurred in France.

To escape this case, Moale's Response unexplainably argues that *Tarasewicz* is irrelevant to this case because *Tarasewicz*'s analysis on the location of the tortious act was related "to a simple *forum non conveniens* choice of law analysis rather than a specific personal jurisdiction analysis under Fla. Stat. § 48.193." Response, DE 34, pg. 6. To be sure, the court's decision in *Tarasewicz* does contain a *forum non conveniens* choice of law analysis, but *Tarasewicz* also specifically held there to be a lack of personal jurisdiction under Fla. Stat. § 48.193. *See Tarasewicz* 2015 WL 3970546, at *18. More specifically, the court held that, [a]s established above in the Court's discussion of the location of the wrongful act in the *forum non conveniens* context, the tortious activity alleged by Plaintiffs here did not occur within Florida" *Id.* at *20.

In support of his proposition that personal jurisdiction exists on Tonno Limited in Florida, Moale relies on a broad interpretation of *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1217 (11th Cir. 1999), a nonmaritime case with little to no factual similarity to the facts at issue in

this case. Indeed, *Posner* involved claims arising out of a foreign insurance company's failure to pay claims on an insurance policy issued for a Florida property. *Posner*, 178 F.3d at 1212. More specifically, Moale's citation to *Posner* related to a personal jurisdiction analysis on an intentional tort claim related to a Florida property. When considering jurisdiction in this circumstance, the *Posner* court held that the plaintiff alleged facts "demonstrating that, if [foreign defendant] committed tortious interference, [plaintiff's] injury occurred in Florida, because the property covered by the insurance policies was in Florida." *Posner* 178 F.3d at 1216. However, the *Posner* court noted Florida courts' stronger tendency to apply Fla. Stat. § 48.193(1)(b) broadly in the intentional tort context than in the negligence context. *See id.* at n. 9 (citing to *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 257 & n.2 (11th Cir. 1996).

*Posner* is highly distinguishable from the facts from this case. Namely, Moale's claims do not concern intentional torts arising from a contract to insure a property in Florida. Rather, Moale's claims of Maintenance and Cure, Unseaworthiness and Negligence Per Se arise from an alleged personal injury aboard a vessel in France. *See* DE 1. As such, Moale's claims do not support such a broad application of Fla. Stat. § 48.193 applied in *Posner*.

As set forth above and more fully in Tonno Limited's Motion to Dismiss (DE 33), the Southern District of Florida's analysis of Fla. Stat. § 48.193 in *Tarasewicz* is more appropriate in this case. Moale's allegations that Tonno Limited failed to pay maintenance, cure and wages owed to Moale within Florida is not sufficient to confer personal jurisdiction under Florida's long arm statute and his Complaint must be dismissed.

## B. General Jurisdiction Is Lacking

Additionally, Moale's argument that this Court has general jurisdiction is likewise unavailing. Moale's Response argues general jurisdiction exists in Florida because Tonno Limited: (1) entered into a contract in Florida to hire Fraser Yachts, and (2) entered into an insurance contract with Chubb to insure the yacht, insurance policy number Y08713911. *See* Response, DE 34, pg. 7. Conspicuously absent form Moale's Response is any case law to support these assertions nor do any of the facts – even if they were true – change the fact Moale was allegedly injured on a foreign flagged and owned vessel in foreign waters with no connection to the United States or Florida.

In order for a defendant to fall within Florida's general jurisdiction, a defendant's contacts "must be so extensive to be tantamount to [the] defendant being constructively

4

present in the state to such a degree that it would be fundamentally fair to require it to answer in the forum state's courts in any litigation arising out of any transaction or occurrence taking place anywhere in the world." *Exhibit Icons, LLC v. XP Companies, LLC*, 609 F.Supp.2d 1282, 1295 (S.D. Fla. 2009). Moale asserts that Tonno entered in a contract with Fraser Yachts and an insurance policy in Florida with zero evidentiary support. Even if it were true that Fraser Yachts was engaged, it would have nothing to do with Moale himself nor does obtaining an insurance policy with Chubb for a vessel that is foreign flagged and in France. Indeed, the insurance policy procured by Tonno Limited was not even delivered in Florida.

The simple fact is that these activities, or any of Tonno Limited's activities, "are not 'so substantial' as to make this one of those 'exceptional' cases in which a foreign corporation is 'at home' in a forum other than its place of incorporation or principal place of business." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015). The extent to which Tonno Limited is disengaged with Florida has been unrebutted and is fully set forth at length in the sworn declaration of Arlix Santamaria filed with Tonno's Motion to Dismiss. *See* Santamaria Dec., Mot. to Dismiss, DE 33, Exh. B. Tonno  is a British Virgin Islands entity, does not have an office in Florida, and conducts no business in Florida. *Id.* As such, General personal jurisdiction cannot be asserted over Tonno Limited because it does not have "substantial and non isolated activity within [Florida]." *See* Fla. Stat. § 48.193(2).

## C.  Exercising Personal Jurisdiction Violates Due Process

Because Tonno Limited lacks minimum contacts with Florida, there is no need to engage in a due process analysis. But if there were, Tonno Limited lacks sufficient minimal contacts to support personal jurisdiction under the Due Process Clause of the Fourteenth Amendment to warrant the exercise of jurisdiction.

Tonno Limited does not conduct, engage in, or carry on business in Florida. *See generally* Declaration of Arlix Santamaria ("Santamaria Dec."). It has not purposefully availed itself of the benefit of doing business in Florida. *Id.* Further, Moale's cause of action and the alleged damages did not arise out of activities Tonno Limited performed in Florida. *Id.* As such, Tonno Limited cannot reasonably anticipate being hauled into court here. Moreover, Moale's  assertion that personal jurisdiction is established through "Tonno's use of its agent, Fraser Yachts, in Florida" is not based in fact or the evidence on record. The evidence on

record firmly establishes that Tonno Limited has never maintained any agents in the state of Florida. *See* Santamaria Dec. at ¶ 9.

In light of the above, Moale's Complaint must be dismissed against Tonno Limited for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

### III.    Plaintiff Failed to Allege Subject Matter Jurisdiction Against Tonno Limited

Moale's Response admits that there "may have been improper wording" in the Complaint's allegations regarding subject matter jurisdiction and concedes that "Plaintiff can amend the Complaint to allege properly Plaintiff's citizenship in Florida." *See* Response, DE 34, pg. 9. To the extent that Moale concedes that subject matter jurisdiction is improperly plead within the operative Complaint, Tonno Limited would welcome Moale to amend the Complaint to properly allege diversity jurisdiction.

Additionally, Moale's Response fails to show that the location of his alleged accident was within the boundaries of federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333. As alleged in the Complaint, Moale was purportedly injured in the "South of France, near Menton Garavan." DE 1, ¶ 15. As territorial waters of foreign nations are not "navigable waters of the United States" Moale cannot establish admiralty jurisdiction over this case pursuant to 28 U.S.C. § 1331. *See Dunham v. Hotelera Canco S.A. de C.V.*, 933 F. Supp. 543, 547 (E.D. Va. 1996); *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 205, (1971; *Sharma v. Skaarup Ship Management Corp.*, 699 F.Supp. 440, 448 (S.D.N.Y.1988, aff'd 916 F.2d 820 (1990), cert. denied, 499 U.S. 907 (1991).

Therefore, due to the absence of both federal question jurisdiction under § 1331 and diversity jurisdiction under § 1332, Moale has failed to establish that this Court has subject-matter jurisdiction and the Complaint must be dismissed.

### IV.    Venue is Improper Over Tonno Limited

Moale's Response asserts that "Venue is proper under 28 U.S.C. §1391(b)(2) because the 'substantial part of the events or omissions giving rise to the claim occurred' in Florida based on Tonno's failure to pay wages, maintenance and cure which caused, increased and worsened the Plaintiff's injuries in Florida. *See* Response, DE 34, pg. 11. This argument is unavailing.

As discussed above, Moale alleges that his injury occurred in "the South of France, near Menton Garavan." DE 1, ¶ 15. As such, the alleged decision to withhold payment (which

Tonno Limited specifically disputes) did not occur within Florida, but rather, the alleged events or omissions giving rise to Moale's claim of wages, maintenance, and cure occurred in France.

Moale's Response asserts that venue alternatively "arises under 28 U.S.C. §1391(b)(3) because this Court has personal jurisdiction over Tonno." *See* Response, DE 34, pg. 11-12. However, as discussed above, this Court lacks personal jurisdiction over Tonno Limited. Thus, venue cannot be proper here.

Accordingly, venue is not proper in the Southern District of Florida, and this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3).

**V.    Dismissal for *Forum Non Conveniens* is proper**

Moale's Response actually supports dismissal of his own Complaint under the doctrine of *forum non conveniens*

### A. The *Lauritzen* Factors Weigh in Favor of Dismissal

Moale's Response admits that the factors established in *Lauritzen v. Larsen*, 345 U.S. 571 (1953) and its progeny weigh heavily against applying the maritime law of the United States and in favor of dismissal under *forum non conveniens* grounds.

In conducting a choice of law analysis in a maritime case, courts consider (1) place of wrongful act; (2) law of the flag; (3) allegiance or domicile of the injured; (4) allegiance of defendant shipowner; (5) place of contract; (6) inaccessibility of foreign forum; (7) law of the forum; and (8) the shipowner's base of operations. *Lauritzen*, 345 U.S. 571; *Hellenic Lines v. Rhoditis*, 398 U.S. 306 (1970); *Romero v. International Terminal Operating Co.*, 358 U.S. 354 (1953). A "complete choice of law analysis requires that [a court] examine the base of operations of *all parties,"* and that only factors relevant to the claims at issue be considered. *Tarasewicz v. Royal Caribbean Cruises Ltd.*, 14-CIV-60885, 2015 WL 3970546, at *4 (S.D. Fla. June 30, 2015) (citing *Cooper v. Meridian Yachts, Ltd.,* 575 F.3d 1151, 1171-76 (emphasis added).

Here, Moale's Response concedes at least fix of the eight factors weigh in favor of dismissal:

    (1)    the physical location of the wrongful act was in France." *See* Response, DE 34, p. 13, *see also id.* at p. 11 ("Tonno's act may have occurred outside of Florida."); *id.* at p. 6 (original tortious action occurred outside of Florida).

(2)     "The flag of the Vessel is the Cayman Islands." *See* Response, DE 34, p. 13; *see also id.* at p. 16 ("law of the flag points to Cayman Islands").

(4)     Tonno Limited is a British Virgin Islands corporation." *See* Response, DE 34, p. 15; *see also id.* at p. 16 ("Defendant's citizenship points to BVI").

(5)     Plaintiff signed the contract in France. *See* Response, DE 34, p. 15; *see also id.* at p. 16 ("place of contract points to France").

(8)     Tonno Limited is a BVI corporation that that owns and operates the Vessel in France. *See* Response, DE 34, p. 17 ("Tonno's official home office address is a PO Box in the BVI, at P.O. Box 958, Road Town, Tortola, VG1110, British Virgin Islands"); *id.* ("the ship's home port is France").

Indeed, the only factor that would support application of U.S. law to this case is Moale's citizenship. However, this is not sufficient to outweigh the overwhelming factors favoring the application of foreign law. *See Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159 (5th Cir. 1987) (holding that while the plaintiff was an American citizen and the contract of employment was made in the United States, other factors such as foreign flag, foreign allegiance of shipowner weighed in favor of dismissal). Moale was employed by Tonno Limited, a BVI company. Santamaria Dec. at ¶ 4. The Vessel on which the Moale worked is registered in the Cayman Islands Santamaria Dec. at ¶ 20, and was owned by a foreign BVI company that does no business in the United States. Santamaria Dec. at ¶ 22. At no time had the yacht ever been within the territorial waters of the United States. Santamaria Dec. at ¶ 22.

In light of the above, the balance of the *Lauritzen* Factors weigh heavily against applying the maritime law of the United States and the Jones Act is not applicable to the facts of this case.

### B.  Traditional *Forum Non Conveniens* Analysis Also Supports Dismissal

The Court should find the *Lauritzen* factors weigh in favor of dismissal and would thus need to next turn to a traditional *forum non conveniens* analysis. *Tarasewicz*, Case No. 14-CIV-60885, 2015 WL 3970546, at *11 (S.D. Fla. June 30, 2015). "Dismissal on *forum non conveniens* grounds is within the district court's range of discretion when trial in the plaintiff's chosen forum would impose a heavy burden on the defendant or the court and an adequate alternative forum is available." *Id.* (citing *Magnin v. Teledyne Cont'l Motors,* 91 F.3d 1424, 1429 (11th Cir.1996) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055

(1947); *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254–55, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)); *see also Pierre–Louis v. Newvac Corp.,* 584 F.3d 1052, 1056 (11th Cir.2009) ("The doctrine of *forum non conveniens* permits a court with venue to decline to exercise its jurisdiction when the parties' and the court's own convenience, as well as the relevant public and private interests, indicate that the action should be tried in a different forum.")).

Moale's Response does little to address Tonno Limited's Motion in which it stated there was an adequate alternative forum and that the public and private interests weighed in favor of dismissal. *First*, it is not for Tonno Limited to pick which fora Moale should choose, but only to demonstrate to the Court that one exists. Moale's Response states that Tonno Limited identified multiple fora, when it actually only identified one: France. *Compare* Response, DE 34, p. 17-18 *with* Mot. to Dismiss, DE 33, p. 22-23, s. IV.B.1. As set forth in its Motion, DE 33, pp. 22-23, an adequate forum in France exists and it cannot be said that its courts are beyond adequate. *See Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1429 (11th Cir. 1996). Nothing in Moale's Response is contrary, in fact, Moale states "France might be an adequate forum." Resp., DE 34, p. 18.

*Second*, private interests factors, i.e., "ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses" weigh in favor of France. The incident occurred in France, Tonno's Vessel is in France, it was designed in Italy and testimony and evidence regarding Moale's employment is all in France. *Third*, the public factors such as the familiarity of the courts with governing law, weigh in favor of France. The Court does not need to make a finding of what law applies, just that a foreign law will apply. *See Lisa, S.A. v. Gutierrez Mayorga*, 441 F.Supp.2d 1233, 1240 (S.D. Fla. 2006). As such, Moale's Complaint must be dismissed for *forum non conveniens*.

## VI.    Moale's Complaint Fails to State a Claim for Relief

As set forth in Tonno Limited's Motion to Dismiss and above, United States Law does not apply, there is no personal jurisdiction over Tonno Limited and the case should be dismissed. As such, Moale has failed to state a claim upon which relief can be granted. Nothing in Moale's Response changes this outcome.

WHEREFORE, Defendant, TONNO LIMITED, respectfully requests this Court enter an Order: (a) dismissing Plaintiff's Complaint for lack of personal jurisdiction, (b) dismissing Plaintiff's Complaint for lack of subject-matter jurisdiction, (c) dismissing Plaintiff's Complaint for improper venue, (d) dismissing Plaintiff's Complaint on *forum non conveniens* grounds, (e) dismissing Plaintiff's Complaint for failure to state a claim for relief, and (f) any other relief this Court deems just and proper.

Dated: May 22, 2020.

Respectfully submitted,

**DAVANT LAW, P.A.**
*Attorneys for Tonno Limited*
401 East Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 414-0400
Facsimile: (954) 332-2301

By: */s/ Patrick J. Ryan*
Charles S. Davant
Florida Bar No. 15178
csd@davantlaw.com
Aaron M. Dmiszewicki
Florida Bar No. 111455
amd@davantlaw.com
Patrick J. Ryan
Florida Bar No. 1011099
pjr@davantlaw.com