UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-25114-Civ-COOKE/GOODMAN

CHRISTOPHER MOALE,

    Plaintiff,

vs.

TONNO LIMITED, *et al.*,

    Defendants.

_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 33). Plaintiff Opposes Defendant's Motion. ECF No. 34. The Court has reviewed the Motion, Opposition and Reply thereto, the record, and the relevant legal authorities. For the reasons discussed below, Defendant's Motion is **GRANTED**.

### I. Background[1]

Defendant Tonno Limited ("Tonno")[2] is a British Virgin Islands company, with its principal place of business also in the British Virgin Islands. Plaintiff Christopher Moale ("Moale") is a resident of Florida who was formerly employed by Tonno to serve as the Captain of the M/Y VELCRO FISH ("Vessel"), a 2001 16.25-meter yacht. Tonno apparently owns this Vessel. On October 22, 2018, while conducting routine maintenance on the Vessel, Moale went down to the swim platform of the Vessel to retrieve tools for maintenance. On his way back up, Moale tripped, fell, and injured his shoulder, knees, and hips. Both Moale and the Vessel were in the South of France when this accident occurred. According to Moale, the height of the ship step's riser made the Vessel unseaworthy. On November 9, 2018, after the accident, Moale returned to Florida. Tonno stopped paying Moale once he returned to Florida. The injuries Moale sustained required medical

---

[1] These facts recited herein are taken from the Complaint. *See* ECF No. 1.
[2] The Complaint asserts claims against two Defendants, Tonno Limited and Jean Pigozzi. Pigozzi is the beneficial owner of the Vessel. The record shows that Pigozzi has not been served and the time to do so has long passed.

attention, including surgery, which he sought in Florida. At the time the Complaint was filed, Tonno had covered $15,000 of Moale's medical bills. However, Moale asserts that this amount is not the maximum amount he is entitled to, and that Tonno has refused to pay any additional amount. Following his unsuccessful attempts to obtain the maximum amount of money he is entitled to, Moale brought this action, in which he asserts claims of failure to provide prompt and adequate maintenance and cure wages, unseaworthiness, and negligence *per se*.

Tonno now moves to dismiss the Complaint for lack of personal jurisdiction, among other things, pursuant to Federal Rule of Civil Procedure 12(b)(2). Because the Court finds that it lacks personal jurisdiction over Tonno, it does not reach the other arguments presented by Tonno in its Motion to Dismiss.

## II. LEGAL STANDARD

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). A defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations. *Internet Solutions Corp. v. Marshall*, 557 F,3d 1293, 1295 (11th Cir. 2009). Once the defendant has presented sufficient evidence, "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Id.*

A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists. The Court must first decide whether the exercise of jurisdiction is appropriate under the state's long-arm statute. If it is, the court must then ensure that the exercise of jurisdiction does not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See United Techs. Corp.*, 556 F.3d at 1274.

## III.   DISCUSSION

**A. The Court lacks General Jurisdiction Over Tonno**

Florida's general jurisdiction statute allows the exercise of jurisdiction over "[a] defendant who is engaged in substantial and not isolated activity within this state." Fla. Stat. § 48.193(2). Such activity can be "wholly interstate, intrastate, or otherwise." *Id.* Further, the claim need not arise from defendant's activities within the state for the exercise

of general jurisdiction to be proper. *Id*. The reach of this provision extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment. Thus, for general jurisdiction determinations, a court need only address whether the exercise of jurisdiction would exceed constitutional bounds. *See Wolf v. Celebrity Cruises, Inc.*, 683 Fed. App'x. 786, 791 (11th Cir. 2017) (citing *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010). "A court may assert general jurisdiction over foreign . . . corporations . . . when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Tonno's affiliations with the state of Florida are insufficient to establish general jurisdiction. The Complaint alleges that jurisdiction is proper over Tonno because Tonno "operated, conducted or engaged in or carried on a business venture in this state," which included operating the Vessel in Florida. ECF No. 1 at 2. The Complaint also alleges that Tonno hired employees, entered into contracts in Florida, and purchased provisions and fuel for the Vessel in Florida. *Id.* As a preliminary matter, these allegations are insufficient to make out a prima facie case of general jurisdiction. *See United Techs. Corp.*, 556 F.3d at 1274. Further, Moale has failed to meet his burden of "prov[ing] jurisdiction by affidavits, testimony or documents" in opposition to Tonno's Motion and accompanying affidavit. *See Internet Solutions Corp.*, 557 F.3d at 1295. Instead, Plaintiff simply argues that the Court has general jurisdiction over Tonno: (i) because Tonno purchased insurance for the yacht in Florida; and (ii) because Tonno hired a "Florida based yacht manager" that was also responsible for drafting Plaintiff's employment contract. ECF No. 34 at 7. While the record reflects that Fraser Yachts managed the Vessel at the time Moale signed his employment contract, and that the same Company was involved in the signing of the contract in some capacity, there is no evidence that Tonno contracted with a Florida company to secure insurance for the Vessel. In any event, purchasing insurance, hiring a Florida Company to manage a Vessel located outside the state of Florida, and hiring a Florida resident for services to be performed in a different Country are certainly not activities that are "so substantial and of such a nature as to render [Tonno] at home in [Florida]." *Wolf v. Celebrity Cruises, Inc.*, 683 Fed. App'x. 786, 791 (11th Cir. 2017). Consequently, the Court concludes that it lacks general jurisdiction over Tonno.

### B. The Court lacks Specific Jurisdiction Over Tonno

Moale also argues that this Court has specific jurisdiction over Tonno. Fla. Stat. § 48.193(1)(a)(2) allows the exercise of specific jurisdiction over a defendant who has committed a tort in the state of Florida. Here, the Complaint alleges that jurisdiction is appropriate because Tonno "[c]ommitted tortious acts within this state including failing to pay maintenance, cure and wages owed to Moale who is a resident of Florida." ECF No. 1 at 2. In the response in opposition to the Motion to Dismiss, however, Plaintiff argues only that specific jurisdiction is appropriate because Tonno's tortious conduct, "even though [they] occurred outside Florida," caused injury to Plaintiff in Florida. ECF No. 34 at 6. This argument is unavailing.

Courts have opined that the general rule is "that the existence of an injury within Florida, standing alone, is insufficient to support jurisdiction over an out-of-state tortfeasor." *Kountze v. Kountze*, 996 So. 2d 246, 252 (Fla. 2d DCA 2008). *See also Homeway Furniture Co. of Mount Airy, Inc. v. Home*, 822 So. 2d 533, 539 (Fla. 2d DCA 2002) ("[T]he existence of an injury in Florida, standing alone, is insufficient to establish jurisdiction pursuant to section 48.193(1)[(a)(2)] when all of the defendant's tortious conduct occurred outside the state."). Tonno's allegedly tortious conduct, as Moale himself concedes, all occurred outside Florida, making the general rule applicable here. Although Florida courts have recognized some limited exceptions to this rule, none of those exceptions apply here. *See, e.g.*, *Homeway Furniture*, 822 So. 2d at 539; *Kountze*, 996 So. 2d at 252.

Although Moale failed to raise this argument in support of the exercise of specific jurisdiction, the Complaint alleges that jurisdiction is appropriate over Tonno because Tonno "operated, conducted or engaged in or carried on a business venture in" Florida. Florida's long-arm statute also allows the exercise of specific jurisdiction over a defendant who "submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from [the defendant] [o]perating, conducting, engaging in, or carrying on a business or business venture in this state." Fla. Stat. § 48.193(1)(a). "For purposes of section 48.193(1)(a)(1), to demonstrate that a nonresident defendant is carrying on business the defendant's activities must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Stonepeak Partners, LP v. Tall Tower Capital*, LLC, 231 So. 3d 548, 555 (Fla. 2d DCA 2017). Moale has not provided any

4

factual allegations to show that Tonno engaged in business activity in Florida for pecuniary benefit. Notwithstanding, Tonno's alleged contacts with the state of Florida are insufficient to support the exercise of specific jurisdiction. Aside from defending this lawsuit, Tonno allegedly has three contacts with the state of Florida: an insurance contract with Chubb; hiring a Florida based company to manage the Vessel; and having the same Florida based company draft Plaintiff's employment contract for services to be performed in France. Plaintiff's causes of action for negligence, unseaworthiness, or failure to pay maintenance and cure are not derived from these alleges contacts. *See* Fla. Stat. § 48.193(1)(a).

Thus, Moale has failed to establish that specific jurisdiction is appropriate pursuant to Fla. Stat. § 48.193(1)(a)(1) or (2).

### C. Due Process and Minimum Contacts

Having concluded that Florida's long-arm statute provides no basis for exercising jurisdiction over Tonno, the Court need not address the second inquiry: whether the exercise of jurisdiction comports with due process.

### IV. CONCLUSION

For the foregoing reasons, Tonno's Motion to Dismiss (ECF No. 33) is **GRANTED**. The Complaint (ECF No. 1) is **DISMISSED** as to Tonno Limited.

**DONE and ORDERED** in chambers, Miami, Florida, this 30th day of November 2020.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*